UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KENNETH LING,

                    Plaintiff,                                    Case No. 14-cv-14505

v.                                                                Honorable Thomas L. Ludington

TOWNSHIP OF RICHLAND, et al.,

                    Defendants.
_____/

**ORDER DENYING MOTION TO STRIKE**

On November 25, 2014, Plaintiff Kenneth Ling initiated this action against Defendants
Richland Township, Robert Dalton, Brian Frederick, Renee Herhold, Joel Warden, Daniel Press,
and John/Jane Does #1-10. ECF No. 1. On December 31, 2014, Defendant Richland Township
responded to Plaintiff's Complaint by filing a motion to dismiss pursuant to Federal Rule of
Civil Procedure 12(b)(6). ECF No. 4. On that same date, the Township also filed an answer to
the complaint. ECF No. 5.

In response to the Township's filings, Ling filed a Motion to Strike Affirmative
Defenses, ECF No. 6, on January 14, 2015 and an Amended Complaint, ECF No. 8, on January
24, 2015. Between the dates these were filed, and in response to Ling's motion to strike, the
Township amended its affirmative defenses. ECF No. 7. Ling has indicated that he will
contemplate withdrawing his motion to strike in light of the Township's amended affirmative
defenses. He has requested that the Township likewise withdraw its motion to dismiss because
"[t]he filing of the First Amended Complaint renders Defendant's pending motion moot." ECF
No. 9.

The Township, rather than respond to Ling's claim that its motion is moot, filed the instant motion to strike Ling's Amended Complaint. ECF No. 12. In its motion the Township alleges that Ling did not comply with the rules for amending pleadings found in Federal Rule of Civil Procedure 15. That rule states that:

> A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

FED. R. CIV. P. 15(a)(1). The Township contends that its motion to dismiss started the 21 day clock outlined in Rule 15(a)(1)(B) on January 1, 2015. Accordingly, "Plaintiff's response to Defendant's Motion to Dismiss was due January 21, 2015." ECF No. 12 at 8 (citations omitted). Indeed, any action related to the motion to dismiss, whether it be a responsive brief or an amended complaint, was due within 21 days.

The Township, however, miscalculates the applicable period of response under the Federal Rules. While Rule 15(a)(1)(B) does set forth a specific time in which a pleading may be amended following a motion to dismiss—21 days—it does not outline the manner in which that period is computed. The computation of time periods under the federal rules is governed by Federal Rule of Civil Procedure 6. As Rule 6(a) notes "[t]he following rules apply in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time." Since Rule 15 does not specify the manner in which the 21 days set forth therein is to be computed, it abides by the rules in Rule 6.

Of particular import in Rule 6 is subsection (d) regarding "Additional Time After Certain Kinds of Service" which provides: "When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the

period would otherwise expire under Rule 6(a)." FED. R. CIV. P. 6(d). Rule 5(b), referenced in Rule 6(d), encompasses motions served by electronic means. Thus, even electronically filed papers benefit from the three day grace period. For that reason, Ling's Amended Complaint is timely and will not be stricken.

This leaves to be addressed whether the Township's Motion to Dismiss is moot in light of the Amended Complaint. When an amended complaint is filed, the prior complaint is superseded and rendered moot. *See Smith & Nephew Inc. v. Fed. Ins. Co.*, 113 F. App'x 99, 102 (6th Cir. 2004). In general, then, "motions directed at the superseded pleading generally are to be denied as moot." *Mize v. Blue Ridge Bank*, No. 8:12-CV-2763-JMC-JDA, 2013 WL 1766659, at *1 (D.S.C. Feb. 12, 2013) (collecting cases). But, if the amended pleading does not cure the defects raised by the motion directed at the superseded pleading, denying the motion as moot "would be to exalt form over substance." Wright, Miller, et al., 6 FED. PRAC. & PROC. CIV. § 1476 (3d ed.). Thus, the Township's motion will not, at this time, be denied as moot.

If the Township believes its motion to dismiss, as currently filed, can be appropriately directed at the Amended Complaint, it shall file a notice on the docket indicating its intent for the motion to be so considered. This notice shall be filed in compliance with the rules governing the time period in which a defendant may respond, move, or otherwise answer an amended pleading.

Accordingly, it is **ORDERED** that Defendant Township of Richland's Motion to Strike, ECF No. 12, is **DENIED**.


Dated: January 30, 2015                           s/Thomas L. Ludington
                                                  THOMAS L. LUDINGTON
                                                  United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 30, 2015.

s/Tracy A. Jacobs
TRACY A. JACOBS